Summons (2) issued to Pro Se

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRIC OF OHIO

Donnell A. Shelton, )
   PLANTIFF )
                                                         )     CASE NO 3:13cv 903
       -v- )
                                                         )     JUDGE Helmick / Armstrong

NCO Financial System Inc. )     COMPLAINT
   DEFENDANT(S) )

## PARTIES

1. Plaintiff, Donnell A. Shelton, (herein after Plaintiff) 1334 Fitchland Avenue, Toledo, Ohio is a natural Person and is a resident in Toledo, Lucas County Ohio.

2. Defendant NCO Financial System Inc. (herein after Defendant) is a Pennsylvania corporation engaged in the business of collecting debts in this state and others, with its principal place of business located at, upon information and belief, 507 Prudential Road Horsham, PA 19044-2308. The principal purpose of Defendant is the collection of debts in this state and elsewhere and Defendant regularly attempts to collect Debts alleged to be due another.

3. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant is a "debt collector" as defined by the Fair Debt Collection Practice Act 15 USC 1692a (6). And is a person within the meaning FCRA. 15 U.S.C. §1681a (b).

## JURISDICTION:

4. Jurisdiction is proper pursuant to 15 U.S.C. §1681p, 15 U.S.C. §1692k (d), 28 U.S.C. §1337 and Ohio Revised Code 1345.04. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. 1367. Venue in this district is proper in that Defendant transacted business here with Plaintiff and the

1

conduct complained of occurred here. All conditions precedent to the bringing of this action has been performed.

## VENUE

5. Venue is proper before this court pursuant to 28 U.S.C. §1391, where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides, and where Defendant transacts business in this district.

## PRELIMINARY STATEMENT

6. This is an action for damages brought from violations of the Fair Credit Reporting Act 15 U.S.C. §1681 (Herein after FCRA) the Fair Debt Collection Practices Act15 U.S.C. §1692 (Herein after the FDCPA), Ohio Consumer Sales Practices Act R.C §1345 (Herein after CSPA).

## FACTUAL ALLEGATIONS

7. Plaintiff obtained his consumer credit reports from the three major credit reporting agencies and found entries by entities that he was unfamiliar with in his reports.

On April 23, 2012 Defendant Pulled Plaintiff's credit report from Trans Union Credit Reporting Agency which is a consumer reporting agency without having a permissible purpose and without permission from the plaintiff. Lowering Plaintiff credit score, lowering Plaintiff chance of establishing new credit and making plaintiff pay more for auto insurance also an invasion of Plaintiff' Privacy. Exhibit A. Copy of Tran Union Credit Report pg. 14.

8. Based on knowledge, information, and reasonable belief, that Defendant failed to provide Trans Union with the appropriate certification in support of its request for Plaintiff's credit report or that it pulled Plaintiff's credit report for a purpose other than the collection of a debt, account review was stated on the credit report.

9. On Defendant's letter head dated April 24, 2012 Plaintiff received a collection letter from Defendant, demanding payment to Defendant for the alleged account referencing internal

2

account number RBV411 for the alleged original creditor "3D Lad LLC Radavantage" stating: "The above account remains unpaid. It is important that you forward payment in full if you choose not to respond to this notification, we will assign your account to a collector with instruction to collect the balance". And "This is an attempt to collect a debt. Any information obtain will be used for that purpose. This is a communication from a debt collector" (Exhibit B Letter from Defendant's in the amount of $209.18).

10. I thought that was confusing when Defendant is a debt collector under the FDCPA. I also notice that there was a difference in the allege balances from the letter that the Plaintiff received from Transworld Systems Inc. for the same account. But had a different balance $197.99 (Exhibit C). Plaintiff does not recall the, allege original creditor or allege debt.

11. On June 2, 2012 Plaintiff sent out a request for verification and validation along with an Affidavit, to the address that the Defendant provided on the Defendant's letter. (Exhibit D and E). with a copy of the letter and the validation letter from Transworld Systems Inc. that Plaintiff sent to Defendant informing them of this debt has not been validated/verified from Transworld Systems Inc. (Exhibit F). Plaintiff sent this request Certified Mail Number 7010 1670 0000 6105 4145 that was received in the Defendant office June 5, 2012.

12. A Copy of Plaintiff's Notice from the United States Postal Service marked "Track & Confirm" as (Exhibit G). Defendant never responded to the validation and verification letter as of to date.

13. At no time has Defendant ever indicated what justification they may have had for obtaining Plaintiff's credit report, the Defendant had a duty to properly ascertain if there was any legitimate permissible purpose before obtaining Plaintiff's credit report and Defendant breached said duty by failing to do so. There was no account or contract that the Defendant had any right to collect on or giving permission to have had permissible purpose to obtain Plaintiff's credit

3

report, or never provide any contract or agreement that establish any relationship between the Plaintiff and the Defendant and therefore Plaintiff are entitled to damages for breach of said duty.

14. All communication in question here is related to consumer debt.

15. As a result of the acts alleged above, Plaintiff experienced stress, frustration, headaches, embarrassment and expenses with Defendant's actions described above.

## *COUNT ONE: VIOLATION OF THE FCRA FOR WILFULL AND NEGELIGENT NON-COMPLIANCE*

16. Plaintiff repeats and re-alleges and incorporates by reference paragraphs 1 through 15.

17. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

18. Defendant is a person within the meaning FCRA. 15 U.S.C. §1681a (b).

19. Plaintiff's credit report was a Consumer Report within the meaning of 15 U.S.C. §1681a (b).

20. Trans Union is a consumer reporting agency within the meaning of 15 U.S.C. §1681a (f).

21. Under the Fair Credit Reporting Act, 15 U.S.C. §1681a et seq. a consumer reporting agencies are prohibited from furnishing a consumer report to person who lacks permissible purpose. The permissible purpose allowed by the Act is set forth in 15 U.S.C. §1681b.

22. Such permissible purposes as defined by 15 U.S.C. § 1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry

23. Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendant. Plaintiff believes Defendant pulled Plaintiff's credit report for a purpose other than the purpose of an account review.

24. In the FCRA 15 U.S.C. §1681a(r)(4) states: the term "account" and "electronic fund transfer" means a demand deposit , or other asset account (other than an occasional or incidental credit

4

balance in an open end credit plan as defined in section 103(i) of this act), as described in regulations of the Board, established primarily for personal, family, or household purposes, but such terms does not include an account held by a financial institution pursuant to a bona fide trust agreement; it has the same meaning of 15 U.S.C. §1693a of this title

25. In 15 U.S.C. §1681a the Equal Credit Opportunity Act "Credit" and "Creditor" is defined in the FCRA to have the same meaning as 15 U.S.C. §1691a

26. Credit means the right granted by a creditor to a debtor to defer payment of debt or to incur debts and defer payment or to purchase property or service and defer payment therefor.

27. Creditor means any person who regularly extends, renews, or continues credit; any person who regularly arranges for the extension, renewal, or continuation of credit; or any assignee of an original creditor who participates in the decision to extend, renew, or continue credit.

28. Defendant does not fall under the definition or either.

29. Discovery of violations brought forth herein occurred in April of 2013 and within the statue of Limitation of 15 U.S.C. §1681p.

30. Defendants violated the FCRA. Defendant's violations include, but are not limited to, the Following:

   1. Defendant willfully and negligently violated the FCRA. By accessing the plaintiff credit report and not having an contract and or permission from Plaintiff in violation of 15 U.S.C. §1681b(a)

   2. Defendant willfully and negligently violated the FCRA. By pulling the plaintiff credit report and not having an actual credit account with plaintiff or giving the plaintiff a firm offer of credit in violation of 15 U.S.C. §1681b.

   3. Defendant willfully and negligently violated the FCRA In violation of 15 U.S.C. §1681b (f) By Defendant pulling Plaintiff credit report under false pretenses of having a credit account. and certifying the account as an credit account review. And not providing proper, true and correct certification to Trans Union to pull Plaintiff's credit report without Plaintiff permission.

4. Defendant willfully and negligently In violation of §1681e (a) by falsely certifying the reason for pulling Plaintiff credit report from Trans Union as an account review what stated of credit report.

5. Defendant willfully and negligently in violation of §1681n (b) by pulling Plaintiff's credit report under false pretenses of having an actual credit account with Defendant and without permission of the Plaintiff to pull Plaintiff's credit report.

31. As a result of the foregoing violations of the FCRA, defendants are liable to Plaintiff for declaratory judgment that Defendant's conduct violated the FCRA, also actual damages, and statutory damages for each violation of the FCRA pursuant to 15 USC §1681n.

32. Discovery of violations brought forth herein occurred in March 2013 and are within the statute Of limitations as defined in the FCRA, 15 U.S.C. § 1681p.

33. **WHEREFORE**, Plaintiff respectfully request judgment be entered against the Defendant for the following: Actual, punitive damages, statutory damages for each violation of FCRA and Cost and reasonable attorney fees pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o. For such other and further relief as this Court deems just and proper.

## *COUNT TWO: FDCPA*

34. Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs 1 through 33.

35. The FDCPA is to be interpreted in accordance with the least sophisticated consumer standard.

36. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a (3)

37. Defendant is a debt collector within the meaning of the FDCPA, 15 U.S.C. §1692a (6).

38. Discovery of violations brought forth herein occurred in May of 2012 and within the statue of Limitation of 15 U.S.C. §1692.

39. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

6

1. in violation of 15 USC §1692d; By pulling Plaintiff's credit report to check out Plaintiff's finance, and lowering Plaintiff credit score.

2. In violation of §1692e (2). By demanding a payment of debt that it does not have ownership of and misrepresenting the alleged amount of the debt for more than it was.

3. In violation of 15 USC §1692e (5); in Defendant's letter by stating: "we will assign your account to a collector with instruction to collect the balance" when Defendant is a debt collector.

4. In violation of 15 USC §1692e (10); by pulling Plaintiff's credit report to get information on the Plaintiff's without properly certifying the reason to Trans Union why they pulled Plaintiff's credit report

5. In violation of 15 USC §1692f.by trying to collect on a debt without having standing or being the holder in due course to do so and not having the correct amount of allege debt

6. In violation of 15 USC §1692f (1).by attempting to collect funds from the Plaintiff that they have shown to be authorizes to collect and invalidated amounts also sending dunning letters.

7. In violation of 15 USC §1692g; by failing to send to Plaintiff a validation notice within five (5) days of the initial communication of pulling Plaintiff credit report.

40. Discovery of violations brought forth herein occurred in April of 2012 and are within the statute of limitations as defined in the FDCPA 15 U.S.C. §1692K.

41. As a result of the foregoing violations of the FDCPA, defendants are liable to Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, also actual damages, Statutory damages for each violation of the FDCPA pursuant to 15 USC §1692K.

42. **WHEREFORE,** Plaintiff respectfully request judgment be entered against the Defendant for the following. Actual damages, Statutory damages for each violation of the FDCPA and cost and reasonable attorney fees pursuant to 15 U.S.C. §1692K. And for such other and further relief as this Court deems just and proper.

### *COUNT THREE: CSPA*

43. Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs 1

7

through 42.

44. Plaintiff is a consumer within the meaning of the .R.C §1345.01(D)

45. Defendant is a supplier within the meaning of the .R.C. §1345.01(C)

46. Ohio courts have found repeatedly that the CSPA governs Defendant's action which qualifies Defendant as a "suppliers", under the OCSPA because, they are engaged in the business of collecting consumer debts.

47. Defendant's attempts to collect the alleged debts constitute a "consumer transaction" as defined in Ohio Revised Code §1345.01.

48. R.C. Chapter 1345 prohibits the supplier from employing unfair practices from the initial contact with the consumer until the debt is paid. Since the Act provides consumer protection through all phases of the transaction, the seller cannot relieve itself of its duty to act fairly by assigning its claim to an agent or assignee and having that assignee conduct practices prohibited by the Act. Such a narrow construction of R.C. 1345.01(C) would defeat the purpose of the Act. Rather, we hold that Universal is a person engaged in the business of effecting consumer transactions (*i.e.*, payment) and, as such, is a supplier pursuant to R.C. 1345.01(C).

49. Defendants violated the Ohio Consumers Sale Practice Act (CSPA). Defendant's violations include, but are not limited to, the following:

1. Defendant engaged in unfair and deceptive acts and practices in violation of §1345.02b (1).by trying to get the Plaintiff to agree to and pay allege debt without providing proper standing for 3D Lad LLC Radavantage and for the Defendant's own enrichment.

2. B. In violation of §1345.02b (10). By trying to collect on a non-existing credit account, and not having a credit account with the Plaintiff.

3. C. In violation of §1345.03b (5) by trying to get the consumer to pay allege debt without providing validation or being the holder in due course, or ownership of the debt as requested in debt validation letter also misrepresenting the allege amount of the allege debt and never producing an contract between the Plaintiff.

8

4. D. In violation of §1345.03b (6) by falsely certifying to Trans Union that that the Defendant has a credit account with Plaintiff.

50. The types of acts and omissions alleged above have previously been declared unfair and deceptive by provisions of either the Ohio Administrative Code or by decision of Ohio courts, which decisions have previously been included in the Ohio Attorney General's Public Inspection File.

51. Defendant knowingly committed the acts, practices and omissions described above.

52. As a proximate cause of Defendant's unfair and deceptive acts and practices, Plaintiff has suffered actual damages.

53. **WHEREFORE,** Plaintiff respectfully requests that judgment be entered against Defendant for the following:

54. Actual damages to be determined by the tier of facts. Statutory damages of $1,000.00 awarded against Defendant pursuant to 15 USC 1692k; Non economic, treble and statutory damages as provided by Ohio Revised Code 1345.09

55. A declaration that Defendant's acts and practices were unfair and deceptive.

56. For such other and further relief as this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues triable as a matter of law.

Respectfully submitted this 22nd day of April, 2013

Donnell Shelton Pro Se
1334 Fitchland Avenue
Toledo, Ohio 43606
419-724-2234