UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Donnell A. Shelton,                       Case No. 3:13-cv-903

       Plaintiff,

v.

                                  MEMORANDUM OPINION
                                  AND ORDER

NCO Financial Systems Inc., *et al.*,

       Defendants.

*Pro se* Plaintiff Donnell A. Shelton filed the above-captioned action against NCO Financial System Inc. (NCOFS) pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Ohio Consumer Sales Practices Act, Ohio Rev. Code § 1345.01 *et seq.* On May 10, 2013, Plaintiff filed an Amended Complaint naming additional "John Doe" defendants. (Doc. No. 3). In the amended complaint, he alleges Defendants violated the foregoing statutes when they obtained Plaintiff's credit report from a credit reporting agency in connection with the collection of an unverified and invalid debt. He seeks monetary relief in the form of actual and statutory damages and a declaration that Defendants' acts and practices were unfair and deceptive.

**BACKGROUND**

Plaintiff alleges that on April 23, 2012, he obtained his consumer credit reports from TransUnion and discovered unfamiliar entries, including an entry listed under "Account Review

Inquiries" indicating NCOFS had obtained Plaintiff's credit report.  (Doc. No. 3 at 2).  He contends NCOFS did not have a permissible purpose for obtaining his credit report, failed to provide TransUnion with appropriate certification in support of its request, and did not have permission from Plaintiff to obtain his credit report.  (*Id.* at 3).  Plaintiff asserts NCOFS's actions violated his privacy and resulted in the lowering of his credit score, which adversely affected his ability to establish new credit and led to an increase in Plaintiff's auto insurance rates.  (*Id.*).

Plaintiff received a "collection letter" from NCOFS dated April 24, 2012, identifying Defendant as a debt collector and demanding payment in the amount of $209.18, purportedly owed to 3D Lab LLC Radadvantage ("3D Lab").  (Doc. No. 3 at 3; Doc No. 3-2 at 3).  The letter indicates that Plaintiff's failure respond to the notification of debt would result in assignment of his account to a collector with instructions to collect the balance. (*Id.*).  It also indicates, "the account balance may be periodically increased due to the addition of accrued interest or other charges as provided in your agreement with the original creditor or as otherwise provided by state law."  (Doc. No. 3-2 at 3).  Further, the letter provides,

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid.  If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.  If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

(*Id.*).  The Complaint indicates the letter did not include any supporting documents, contracts or assignments, as required by Ohio Rev. Code § 1319.12, the FCRA and the FDCPA.  (Doc. No. 3 at 3).  Plaintiff does not specify in his Complaint on what date he received this letter from NCOFS.

2

Plaintiff asserts he found the letter confusing and noted a difference in the alleged balance, $209.18, from the balance stated in a collection letter dated January 26, 2011, that he received from another debt collector, Transworld Systems, Inc., for the same account, but in the amount of $197.99. He contends he does not recall the alleged original creditor, 3D Lab, or the debt. (Doc. No. 3 at 4).

On June 2, 2012, Plaintiff sent NCOFS a letter, dated May 2, 2012, along with an affidavit, via certified mail to the address provided by Defendant, disputing the alleged debt owing to 3D Lab and asking for verification and validation of the debt. (Doc. No. 3-2 at 5-6). He asserts Defendant received his letter on June 5, 2012, but never responded. Plaintiff indicates that he also sent a copy of the same letter to Transworld Systems and did not receive a response. (Doc. No. 3-2 at 9-10).

In February 2013, Plaintiff sent a letter to TransUnion disputing several items on his credit report, as well as challenging several account inquiries, including the one by NCOFS, as made without a permissible purpose. (Doc. No. 3-2 at 13).

The Complaint alleges Defendants breached their duty to ascertain properly if there was any legitimate purpose before obtaining Plaintiff's credit report, that no account or contract existed upon which Defendants had a right to collect the purported debt, and that Defendants never provided any contract or agreement to Plaintiff, establishing any relationship between Plaintiff and NCOFS. Based on the foregoing allegations, Plaintiff's complaint claims violations of the FCRA (Counts One and Two), the FDCPA (Count Three), and the OCSPA (Count Four).

## STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a "district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit or no longer open to discussion." *Apple v. Glenn,* 183 F.3d 477, 479 (6th Cir. 1999); *see Hagans v. Lavine,* 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that patently frivolous claims divest the district court of jurisdiction); *In re Bendectin Litig.,* 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by obviously frivolous and unsubstantial claims).

Because Plaintiff's FCRA claims lack merit, those claims must be dismissed pursuant to *Apple*. This case shall proceed solely as to Plaintiff's remaining claims under the FDCPA and the OCSPA.

## FAIR CREDIT REPORTING ACT

The Complaint alleges in Counts One and Two that NCOFS and an unknown "Doe" entity or entities employed by NCOFS violated several provisions of the FCRA by requesting a copy of Plaintiff's credit report without a proper purpose, namely to collect a disputed debt. The FCRA, 15 U.S.C. § 1681, *et seq.,* a subchapter of the Consumer Credit Protection Act, requires consumer reporting agencies to adopt reasonable procedures for meeting the needs of the business community without sacrificing accuracy or confidentiality, thus operating in a manner which is fair and equitable to the consumer. (Pub. L. 90-321, Title VI, § 602, as added Pub. L. 91-508, Title VI, § 601, Oct. 26 1970, 84 Stat. 1128). Protecting consumers from the improper use of credit reports is an underlying

4

policy of the FCRA. *Jones v. Federated Fin. Reserve Corp.*, 144 F.3d 961, 965 (6th Cir. 1998). Courts have interpreted it as an act intended to protect consumers from having inaccurate information circulated, *Roseman v. Retail Credit Co., Inc.*, 428 F. Supp. 643 (D.C. Pa. 1977), and to protect the reputation of the consumer. *Ackerley v. Credit Bureau of Sheridan, Inc.*, 385 F. Supp. 658 (D.C. Wyo. 1974).

With but one exception, the language of each section of the statute is explicitly directed to a "consumer reporting agency," which would clearly exclude Defendants from liability. Plaintiff has not described or characterized either NCOFS or Does as a "credit agency" and the facts belie such a description. Plaintiff alleges that NCOFS and/or Does acting on NCOFS's behalf impermissibly accessed his credit report on October 5, 2012 in violation of 15 U.S.C. §§ 1681b(a), (b), and (f), and 1681e(a). (Doc. No. 1 at 5-6; Doc. No. 1-1 at 2). In order to state a claim under § 1681b and § 1681e, Plaintiff must allege facts that demonstrate that Defendants were a credit reporting agency that furnished a consumer report for a reason other than those authorized by the statute. *See First Etefia v. Russell Collection Agency, Inc.*, 20 F. App'x 485, 486 (6th Cir. 2001) (Company was not "credit reporting agency," under FCRA, when it simply collected debts and passed on information regarding uncollected debts to agencies); *Frederick v. Marquette Nat'l Bank*, 911 F.2d 1, 2 (7th Cir. 1990); *Daniels v. Jack Matia Honda*, 1:05 CV 1789, 2005 WL 2002357, at *3 (N.D. Ohio Aug. 19, 2005); *Davis v. Reg'l Acceptance Corp.*, 300 F. Supp. 2d 377, 385 (E.D. Va. 2002). The facts allege, however, that NCOFS is a debt collector located in Horsham, Pennsylvania. There is no allegation that either NCOFS or the unnamed Doe(s) is a consumer reporting agency subject to the provisions in § 1681b or § 1681f of the FCRA. Therefore, the claims that Defendants violated these provisions are without merit.

Moreover, in order to state a claim for imposition of liability under §§ 1681n and 1681q, Plaintiff must allege that NCOFS and/or Does acted willfully and obtained the information under false pretenses. As a general rule, a person is proceeding under false pretenses when he (1) knowingly and willfully obtains a consumer report for a purpose that is not sanctioned by the FCRA and (2) fails to disclose his true motivation to the consumer reporting agency. *Duncan v. Handmaker*, 149 F.3d 424, 426 (6th Cir. 1998). There is no allegation that NCOFS, or Does acting on its behalf, requested Plaintiff's credit report for any reason that is not sanctioned by the FCRA. *See* 15 U.S.C. § 1681(b) (listing permissible purposes for use and provision of consumer reports). Under § 1681b(a)(3)(A), a party is permitted to obtain an individual's credit information in connection with the collection of a debt. *Perretta v. Capital Acquisitions & Mgmt. Co.*, No. C-02-05561 RMW, 2003 WL 21383757, at *5 (N.D. Cal. May 5, 2003) (citing *Hasburn v. Cnty. of Los Angeles*, 323 F.3d 801 (9th Cir. 2003)). The letter from NCOFS to Plaintiff, a copy of which is attached to the Complaint, indicates that it "is an attempt to collect a debt. Any information obtained will be used for that purpose." (Doc. No. 1-1 at 3). Based on the facts Plaintiff has alleged in his Complaint, this is not a "false pretense" and, thus, he has failed to state a claim pursuant to either § 1681n or § 1681q. *See Perretta*, 2003 WL 21383757 at *5; *Jacques v. Solomon & Solomon P.C.*, 886 F. Supp. 2d 429, 435 (D. Del. 2012) (conclusory allegations that debt collector accessed plaintiff's consumer report without permissible purpose insufficient to state a claim for violation of FCRA provision prohibiting obtaining a report for any unauthorized purpose where consumer did not allege collector did not intend to collect a debt, an authorized purpose).

6

## CONCLUSION

For all the foregoing reasons, Plaintiff's FCRA claims alleged in Counts One and Two of the Complaint are dismissed for lack of subject matter jurisdiction.  The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]  This action shall proceed against Defendants only as to Plaintiff's claims under the FDCPA and the OCSPA (Counts Three and Four).

So Ordered.

s/Jeffrey J. Helmick<br>United States District Judge

---

[1] 28 U.S.C. § 1915(a)(3) provides, in pertinent part, "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."